# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **Darcy Lynn Scheyer, individually, and on behalf of a Class of all others similarly situated** <br> *Plaintiff(s)* <br><br> **-v-** <br><br> **Lehigh University,** <br> **Community Voices Clinic,** <br> **Bethlehem Area School District** <br> *Defendant(s)* | **CASE NO.** <br> _____ <br><br> **COMPLAINT -- CLASS ACTION** <br><br> <u>**JURY TRIAL DEMANDED**</u> |

## INTRODUCTION

1.    This federal complaint is about institutional betrayal and abuse of power in discriminating and retaliating against individuals with a disability, a discrete and insular minority. The institutional betrayal and abuse of power was perpetrated upon this discrete and insular class through Lehigh University acting in concert with Community Voices Clinic and Bethlehem Area School District to unlawfully and unjustly deprive a class of individuals of protected rights in violation of Federal Law and Common Law.

2.    In 2015, the named Plaintiff, Darcy Lynn Scheyer, a student with disabilities, including a learning disability and medical disability, enrolled in graduate classes at Lehigh University's College of Education with the goal of completing degree requirements to

receive a Master of Education in Counseling and Human Services, and achieve a long deferred personal dream of becoming a counselor.

3.    The decision to return to higher education was a difficult and emotional decision for the Plaintiff, since she was forced into a separation from state government employment due to a disability. Fortunately, this disability forced her to reconnect with her ancestors drive to help others, in particular, her grandfather, a medical doctor, who was forced to flee Nazi Germany during the build-up to World War II.

4.    Despite the Plaintiff reconnecting with her professional dream of working in a helping profession, she was denied access to reasonable accommodations for disabilities on several occasions by Lehigh University from 2015-19. Most recently in 2019, during her training at Community Voices Clinic and Bethlehem Area School District, Darcy was denied access to reasonable accommodations for disabilities, as well as experienced escalating retaliation for invoking her federally protected rights. Due to the nature of the relationship of Community Voices Clinic and Bethlehem Area School District with Lehigh University, the retaliation did not stop, but became more severe and damaging.

5.    In 2019, when the Plaintiff was entering her final year of training in an internship with Muhlenberg College, Lehigh University escalated retaliation against Darcy by requiring completion of an unwarranted remediation plan. During the same time, Lehigh University attempted to force Darcy to waive her informed withdrawal of consent to audio recording of doctoral supervision by threatening to remove her from internship.

6.    In October 2019, despite the Plaintiff not missing any scheduled hours or requirements at her internship, Lehigh University instructed Muhlenberg College to remove

her from her internship, which resulted in irreparable and immeasurable damage to the Plaintiff's person, training, record, and reputation. This action by Lehigh University also created damage to client care, since the Plaintiff maintained several clients. As a result of this action, the Plaintiff was forced to take a leave of absence, which resulted in a withdrawal from her internship course with Lehigh University.

## **NATURE OF ACTION**

7.    This class action is brought by the Plaintiff, Darcy Lynn Scheyer, a Lehigh University graduate student and former graduate trainee at Community Voices Clinic and Bethlehem Area School District, for violations of Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117; Section 504 of the Rehabilitation Act, as codified, 29 U.S.C. § 794; and common law torts, including negligence, defamation, invasion of privacy, and tortious interference.

8.    This class action seeks an end to unlawful and unjust practices by Defendants against a discrete and insular minority, a class of disabled individuals, as well as an award to make the Plaintiff whole, including punitive damages, and all other appropriate relief.

## **PARTIES**

9.    The Plaintiff, Darcy Lynn Scheyer, who resides in update New York, has been enrolled at Lehigh University since 2015 as a graduate student with the College of Education in pursuit of completing degree requirements for a Master of Education in Counseling and Human Services. Last year, Darcy was a Graduate Trainee with Community Voices Clinic, a clinic located within Bethlehem Area School District schools. The Plaintiff

also was an Advanced Graduate Trainee with Muhlenberg College in Allentown. The Plaintiff's mailing address is 23 Denkers Drive, Ballston Lake, New York 12019.

10.    The Defendant, Lehigh University, is a private research university located in Bethlehem, Pennsylvania. Defendant's address is Alumni Memorial Building, Room 105, 27 Memorial Drive West, Bethlehem, Pennsylvania 18015.

11.    The Defendant, Community Voices Clinic, a partnership between Lehigh University and Bethlehem Area School District, is a school-based mental health clinic. The Clinical Director maintains several prominent positions with Lehigh University. The Defendant's address is Arpana Inman, Community Voices Clinic, College of Education, Lehigh University, Iacocca Hall 111 Research Drive, Bethlehem, Pennsylvania 18015.

12.    The Defendant, Bethlehem Area School District, operates 22 schools, including two high schools, four middle schools, and sixteen elementary schools. The Plaintiff worked as a Graduate Trainee for schools in the district. Defendant's address is 1516 Sycamore Street Bethlehem, Pennsylvania, 18017.

## JURISDICTION AND VENUE

13.    This Court has jurisdiction over subject matter of this action pursuant to 28 U.S.C. § 1331, since a case arising under federal law is a federal question case.

14.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as Defendants conduct business in and throughout this District.

## FACTUAL ALLEGATIONS

15.    In 2014, the Plaintiff, Darcy Scheyer, was accepted into Lehigh University's Master of Education in Counseling and Human Services, and deferred enrollment to 2015.

**2015 – Fall Semester**

16.    In August 2015, the Plaintiff began the fall term by taking two courses totaling six credits. Unfortunately, with more than 60-70% of the semester completed, Darcy requested and received approval to receive incompletes for each course. This request was based upon an aggravation of the Plaintiff's disability, in combination with Lehigh University's failure to accommodate the Plaintiff's disabilities.

**2016 – Spring Semester**

17.    In January 2016, with two outstanding incompletes, Darcy began the spring term by taking two courses totaling six credits. Despite continued issues at Lehigh University surrounding the accommodation process for disabilities, Darcy was able to complete her courses on time and received final grades of A- and A.

**2016 – Fall Semester**

18.    In August 2016, with two outstanding incompletes, Darcy began the fall term by taking two courses totaling six credits. The Plaintiff completed these courses on time and received a final grade of A and A. The Plaintiff also was able to complete one of the outstanding incompletes from the 2015 Fall Semester by attending additional classes. Despite the issues with her accommodations, the Plaintiff received a final grade of A. For the outstanding incomplete, Darcy received an additional semester extension to complete.

**2017 – Spring Semester**

19.    In January 2017, with one outstanding incomplete, Darcy began the spring term by taking two courses totaling six credits. The Plaintiff completed these courses on time and received a final grade of A and A. Darcy also finished her incomplete from 2015

and received a final grade of A.

**2017 – Fall Semester**

20.    In August 2017, with no outstanding incompletes, Darcy began the fall term by taking two courses totaling six credits. Despite continued challenges at Lehigh University surrounding the accommodation process for disabilities, in combination with multiple absences, Darcy completed these courses on time and received final grades of A and A.

**2018 – Spring Semester**

21.    In January 2018, with no outstanding incompletes, Darcy began the spring term by taking two courses totaling six credits, which included one online course, which was requested through a reasonable accommodation for disability through her department, a process requiring onerous and superfluous documentation to access the online course.

22.    Also, early in the spring term, numerous disability-related accommodations were suddenly withdrawn without reason. Upon follow-up, the withdrawal of accommodations was blamed on a "glitch." Around the same time, a new university policy associated with accommodations was introduced, titled, "Flexibility Regarding Attendance, Deadlines, & Examination Dates Overview."

23.    In February 2018, due to increasing concerns surrounding the handling and processing of disability accommodations at Lehigh University, the Plaintiff scheduled an appointment with a licensed psychologist in Upstate New York to have more comprehensive neuropsychological testing conducted. This testing was conducted in March 2018. The evaluation recommended even stronger disability accommodations.

24.    Around April 2018, due to an aggravation of the Plaintiff's disability in

combination with continued issues surrounding accommodations, Darcy requested and received approval to receive incompletes for each course.

### 2018 – Summer Semester

25.    In June 2018, the Plaintiff was registered for one summer course, a mandatory week long course only offered during the summer. Due to the nature of the compressed course, in combination with her disability, Darcy forwarded her updated evaluation to the office handling accommodations, and requested the psychologist recommended updates to her accommodations on file, especially for the summer course. As the office did not reply to her request, Darcy withdrew her summer registration.

### 2018 – Fall Semester

26.    In August 2018, due to the accumulated stress surrounding a lack of responsiveness to the Plaintiff's request for disability accommodations, in combination with a subsequent aggravation of her disability, Darcy was forced to request a medical leave of absence for the 2018 Fall Semester. This request was approved.

27.    In November 2018, the Plaintiff submitted a request to return from her medical leave of absence, so she would be allowed to register for Spring 2019 classes, which included a practicum class and her two final non-training related course requirements.

28.    In November 2018, the Plaintiff also submitted an application to Community Voices Clinic, a school-based mental health clinic, located in the Bethlehem Area School District. Later in the month, the Plaintiff interviewed with the Clinic for a training position starting in January (before the start of the semester) and ending in June (after the end of the semester). During the interview, Darcy was informed that the only mandatory time to

be onsite (besides regularly scheduled hours) was on Wednesday from 1:00 pm – 2:30 pm for group training. During this interview, Darcy also disclosed her learning disability.

29.    On November 14, 2018, the Plaintiff attempted to register for Spring 2019 classes, but was prevented from registering for the Practicum class.

30.    On November 19, 2018, Community Voices Clinic offered the Plaintiff a Graduate Trainee position from January to June 2019, which she accepted.

31.    On November 30, 2018, the Plaintiff again attempted to register for the spring practicum course, but was prevented from being able to register.

### 2019 – Spring Semester

32.    On January 16, 2019, the Plaintiff attended orientation for Community Voices Clinic at a school in the Bethlehem Area School District.

33.    On January 17, 2019, the Plaintiff reported to Lehigh University that the semester accommodation renewal link was not working.

34.    On January 21, 2019, the Plaintiff's meeting with Lehigh University around accommodations for disability was canceled.

35.    On January 22, 2019, the day before the practicum course started, the Plaintiff was finally allowed to register for the class. This delay in being able to register resulted in a further delay in requesting disability accommodations.

36.    On January 31, 2019, the Plaintiff was prevented from being able to participate in Group Supervision for her Lehigh University practicum course, despite indicating her availability for several meeting options.

37.    From February 2019 forward, the Plaintiff was withheld access and/or

denied multiple accommodations with Community Voices Clinic and Bethlehem Area School District.

38.    On February 22, 2019, the Plaintiff expressed concerns to Lehigh University around the accommodation process associated with her training site, and requested a copy of her accommodation file for her review.

39.    On March 7, 2019, Lehigh University, Community Voices Clinic, and Bethlehem Area School District served a memo addressed to the Plaintiff, which listed incorrect and false information. Individuals located at Lehigh University, Community Voices Clinic, and Bethlehem Area School District were copied on this correspondence. The Plaintiff did not provide consent to have this information shared with named parties.

40.    On March 11, 2019, the Plaintiff provided separate responses to content in the March 7, 2019 memo, including several appeals of accommodation determination. Community Voices Clinic and Bethlehem Area School District never provided a response.

41.    On April 3, 2019, in a separate communication, the Plaintiff voiced her concerns to Community Voices Clinic and Bethlehem Area School District that her rights as a student with disabilities were being abrogated. This communication also re-requested consideration for an accommodations related to her schedule. On April 5, 2019, Community Voices Clinic and Bethlehem Area School District agreed to this request, but then stated that this resulted in the Plaintiff being in "noncompliance."

42.    On April 12, 2019, Community Voices Clinic provided the Plaintiff with a midterm evaluation dated April 9, 2019, which was due to Lehigh University on March 13, 2019. This evaluation documented inaccurate and false information into the record. This

information was shared with Lehigh University. A subsequent meeting to discuss the evaluation was set for May 21, 2019. On May 27, 2019, the Plaintiff provided Community Voices Clinic with her response to the evaluation. On May 31, 2019, Community Voices Clinic provided an updated midterm evaluation, which incorporated additional inaccurate and false information. Community Voices Clinic also provided a memo with the evaluation regarding accommodations, which also outlined inaccurate and false information.

43.    In April 2019, with nearly 80% of the semester completed, Darcy was forced to seek approval to receive incompletes for the three courses that she was enrolled for the semester. This request was based upon a severe aggravation of the Plaintiff's disability, based upon the retaliatory actions and inaction of the Defendants, including Lehigh University, Community Voices Clinic, and Bethlehem Area School District.

**2019 - Summer Semester**

44.    Despite the actions taken by the Defendants in the preceding months, the Plaintiff, battling medical issues, resolved two outstanding incompletes from the 2018 Spring Semester. Three outstanding incompletes from the 2019 Spring Semester remained.

45.    In June 2019, Darcy shared concerns around discrimination and retaliation at Community Voices Clinic, Bethlehem Area School District, and Lehigh University.

46.    In June 2019, the Plaintiff was also withheld access and/or denied accommodations by Lehigh University for a required week long summer course.

47.    During the summer, Lehigh University adopted more restrictive policies and procedures around disability accommodations, as well as revised a program manual by incorporating an attendance policy discriminating against individuals with disabilities.

48.     On June 20, 2019, the Plaintiff provided Lehigh University with her training site hour logs, as well as requested appropriate signatures from the program. (Despite numerous requests, these signatures were withheld from the Plaintiff until October 2019).

49.     On July 2, 2019, Community Voices Clinic provided the Plaintiff with a final evaluation dated June 13, 2019. This evaluation also included inaccurate and false information. The Plaintiff was instructed by Community Voices Clinic that she should not provide any feedback to this evaluation. This evaluation was shared with Lehigh University.

50.     In July 2019, the Plaintiff submitted a signed Full-Time Certification Form to Lehigh University to cover the following academic year for her year-long internship. Near the end of the month, the Plaintiff was informed by Lehigh University that the submitted signed form was modified by the program to only include the Fall term, which was then submitted for processing. This modification occurred after Darcy signed and submitted the form, and without consent from the Plaintiff for modification.

51.     In August 2019, the Plaintiff completed her week-long 3 credit summer course on-time and received a final grade of A.

**2019 - Fall Semester**

52.     In August 2019, with three outstanding incompletes from the previous term, Darcy began the fall term by taking one internship course totaling three credits.

53.     During the last week of August 2019, the Plaintiff commenced her 2019-20 academic year internship with Muhlenberg College, the last training requirement for completion of the counseling degree program, expected in May 2020.

54.     In late August 2019, the Plaintiff was informed of her being assigned a

1   doctoral supervisor with Lehigh University. This doctoral supervision was a required

2   component of the doctoral course for the doctoral supervisor, not the Plaintiff's course.

3       55.    In September 2019, the Plaintiff was informed that she was being assigned

4   additional bi-weekly supervision with Lehigh University faculty.

5       56.    Around the same time in September 2019, the Plaintiff resolved one

6   outstanding course requirements for her practicum course.

7       57.    On September 2, 2019, the Plaintiff had her first meeting with her assigned

8   doctoral supervisor with Lehigh University. In this meeting, the Plaintiff was informed that

9   she would need to sign a consent for the doctoral supervisor to audio and video record the

10  supervision sessions. While the Plaintiff expressed extreme discomfort with having this

11  supervision being recorded, especially since this would also be available to other individuals,

12  including faculty, the Plaintiff reluctantly agreed to only consent to audio recording. After

13  a few days of reflecting on this decision, the Plaintiff decided to withdrawal her consent to

14  audio recording, as well as requested destruction of the previous recording and consent

15  form. The Plaintiff never received any response to this request by the doctoral supervisor.

16      58.    Shortly after the Plaintiff's withdrawal of her consent for recording of her

17  doctoral supervision session, the Plaintiff received a communication from Lehigh

18  University that the Plaintiff would be required to complete a Remediation Plan during the

19  Fall Semester. This plan was provided to the Plaintiff for her review in mid-September.

20  According to Lehigh University, this plan addressed faculty concerns around the Plaintiff's

21  communication during her training at Community Voices Clinic occurring months earlier.

22  In the subsequent weeks, the Plaintiff attempted to get answers to her questions on

information described in the plan, but the responses provided did not align with the facts of the situation. On multiple occasions, the Plaintiff questioned the veracity of the Remediation Plan, including why the program manual was not being followed at several steps, but she did not receive any satisfactory responses from Lehigh University.

59.    On October 4, 2019, the Plaintiff submitted to Lehigh University a signed degree form for review and signature, which was a requirement to petition to graduate, but never received any acknowledge of this request.

60.    On October 17, 2019, the Plaintiff received a communication from Lehigh University indicated that she was being removed from her internship at Muhlenberg College.

## PROCEDURAL REQUIREMENTS

61.    The Plaintiff has satisfied all requirements prior to commencing this action, including filing class charges with Equal Employment Opportunity Commission in Philadelphia, Pennsylvania on October 18, 2019 regarding alleged conduct by Defendants.

62.    The Equal Employment Opportunity Commission issued Notice of Right to Sue, which the Plaintiff received around November 11, 2019. Exhibit 1.

## CLASS ACTION ALLEGATIONS

63.    This complaint is maintainable as a class action pursuant to requirements set forth in Fed. R. Civ. P. 23(a) and 23(b)(3). The definition of the alleged class includes any individual with a record of a disability and/or regarded as possessing a disability, who participated in any activity with Defendants, including, but not limited to courses, programs, services, training, or employment, paid or unpaid. The approximate minimum size of the class is 700 individuals. The Plaintiff, Darcy Lynn Scheyer, is an adequate representative of

the class. Alleged questions of law and fact claimed to be common to the class, include, but not limited to whether the Defendants exposed members of the class to a substantial risk of serious harm and damage through policies, practices, or customs; and, in particular, whether the Defendants violated the Americans with Disabilities Act and Section 504 of the Rehabilitation Act by inflicting discriminatory and retaliatory conduct on class members.

## CAUSES OF ACTION

### COUNT ONE

### (Discrimination)

64.     The Plaintiff re-alleges and incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as if fully set forth herein.

65.     The Plaintiff, Darcy Lynn Scheyer, individually, and on behalf of a Class of all others similarly situated, alleges that Defendants, Lehigh University, Community Voices Clinic, and Bethlehem Area School District, discriminated against her as an individual with a disability, by failing to provide access to and/or properly implement reasonable accommodation for disability, implementing discriminatory policies and practices, and retaliated against her for invoking federally protected rights, in violation of Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117, and Section 504 of the Rehabilitation Act of 1973, as codified, 29 U.S.C. § 794.

### COUNT TWO

### (Negligence)

66.     The Plaintiff re-alleges and incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as if fully set forth herein.

67.     The Plaintiff, Darcy Lynn Scheyer, individually, and on behalf of a Class of all others similarly situated, alleges that Defendant, Lehigh University, possessed a duty to provide

doctoral group supervision to the Plaintiff during her practicum course in Spring 2019, as this type of supervision was a documented course requirement. The Defendant breached their duty to provide doctoral group supervision by withholding group supervision, and as a result, the Plaintiff suffered irreparable and immeasurable damage to her person, training, record, and reputation

68.    The Plaintiff, Darcy Lynn Scheyer, individually, and on behalf of a Class of all others similarly situated, alleges that Defendants, Community Voices Clinic, Bethlehem Area School District, and Lehigh University, possessed a duty to provide course outlined site supervision to the Plaintiff at her training site, as this type of supervision was a documented course requirement. The Defendant breached their duty to provide course outlined site supervision to the Plaintiff, and as a result, the Plaintiff suffered irreparable and immeasurable damage to her person, training, record, and reputation.

69.    The Plaintiff, Darcy Lynn Scheyer, individually, and on behalf of a Class of all others similarly situated, alleges that Defendants, Lehigh University, Community Voices Clinic, and Bethlehem Area School District, possessed a duty to maintain confidence of all communications occurring in confidential settings. The Defendants breached their duty in maintaining confidentiality to the Plaintiff, and as a result, the Plaintiff suffered irreparable and immeasurable damage to her person, training, record, and reputation.

70.    The Plaintiff, Darcy Lynn Scheyer, individually, and on behalf of a Class of all others similarly situated, alleges that Defendant, Lehigh University, possessed a duty to follow remediation protocols outlined in program manuals. The Defendant breached their duty to the Plaintiff by not following the remediation protocols, and as a result, the Plaintiff irreparable and immeasurable damage to her person, training, record, and reputation.

## COUNT THREE

### (Defamation)

71.     The Plaintiff re-alleges and incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as if fully set forth herein.

72.     The Plaintiff, Darcy Lynn Scheyer, individually, and on behalf of a Class of all others similarly situated, alleges that Defendants, Community Voices Clinic and Bethlehem Area School District, made false and defamatory statements about the Plaintiff to Lehigh University from March 2019 through July 2019 with the intent to harm the Plaintiff's reputation. As documentation referenced the Plaintiff by name, the recipient, Lehigh University, understood the communication referred to the Plaintiff.

73.     The Plaintiff, Darcy Lynn Scheyer, individually, and on behalf of a Class of all others similarly situated, alleges that Defendant, Lehigh University, made false and defamatory statements about the Plaintiff from March 2019 through the present with the intent to harm the Plaintiff's reputation. As documentation referenced the Plaintiff by name, the sender and recipient, Lehigh University, understood the communication referred to the Plaintiff.

74.     The Plaintiff, Darcy Lynn Scheyer, individually, and on behalf of a Class of all others similarly situated, alleges that Defendant, Lehigh University, made false and defamatory statements about the Plaintiff to Muhlenberg College from February 2019 through November 2019 with the intent to harm the Plaintiff's reputation. As documentation referenced the Plaintiff by name, the recipient, Lehigh University, understood the communication referred to the Plaintiff.

## COUNT FOUR

### (Invasion of Privacy – Intrusion)

75.     The Plaintiff re-alleges and incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as if fully set forth herein.

76.     The Plaintiff, Darcy Lynn Scheyer, individually, and on behalf of a Class of all others similarly situated, alleges that Defendants, Community Voices Clinic and Bethlehem Area School District participated in the unauthorized sharing of confidential and protected information to Lehigh University from February 2019 through July 2019

77.     The Plaintiff, Darcy Lynn Scheyer, individually, and on behalf of a Class of all others similarly situated, alleges that Defendant, Lehigh University, participated in the unauthorized sharing of confidential and protected information from January 2019 through the present.

78.     The Plaintiff, Darcy Lynn Scheyer, individually, and on behalf of a Class of all others similarly situated, alleges that Defendants, Lehigh University, Community Voices Clinic, and Bethlehem Area School District, forced the Plaintiff to participate in the recording of supervision sessions without justification from February 2019 through the present.

79.     The above actions by Defendants, Lehigh University, Community Voices Clinic, and Bethlehem Area School District were an invasion of privacy, and as a result, the Plaintiff suffered irreparable and immeasurable damage to her person, training, record, and reputation.

## COUNT FIVE

### (Tortious Interference)

80.     The Plaintiff re-alleges and incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as if fully set forth herein.

81.     In March 2019, the Plaintiff entered into an internship contract with Muhlenberg College for the 2019-20 academic year. Lehigh University was aware of the contract between Darcy Lynn Scheyer and Muhlenberg College, and intentionally procured breach of the contract. Given the circumstances, there was a lack of justification of the action taken by Lehigh University. The Plaintiff, Darcy Lynn Scheyer, suffered irreparable and immeasurable damage to her person, training, record, and reputation.

## **PRAYER FOR RELIEF**

WHEREFORE, Darcy Lynn Scheyer, individually, and on behalf of a Class of all others similarly situated, prays that this Court enter judgment against Defendants as follows:

a.    Certification of the complaint as a class action, designate the named Plaintiff, Darcy Lynn Scheyer, as representative of the class.

b.    A declaratory judgment that the practices complained of are unlawful and violate the laws at issue;

c.    A preliminary and permanent injunction against defendants, and any and all acting in concert with them, from engaging in each of the unlawful policies, practices, customs, and usages set forth herein;

d.    An order enjoining defendants to institute and carry out policies, practices, and programs that provide equal opportunity for all persons in protected classes, and that defendants eradicate the effects of past and present unlawful practices;

e.    Exemplary and punitive damages of **$54,000,000** to deter future conduct;

f.    Compensatory damages, including emotional pain and distress, embarrassment, degradation, mental anguish, and other non-pecuniary losses;

g.    Costs incurred, including reasonable attorneys' fees to extent allowable by law;

h.    Pre-judgment and post-judgment interest, as provided by law;

i.    Such other and further legal and equitable relief as the Court deems necessary, just, and proper;

## **CERTIFICATION AND CLOSING**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of FRCP 11.


Dated: January 17, 2020
Philadelphia, Pennsylvania

Darcy Lynn Scheyer

Plaintiff, individually, and on behalf of a
Class of all others similarly situated

1

## **DEMAND FOR JURY TRIAL**

2          Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiff demands a trial by jury

3      on all issues so triable.

4

5      Dated: January 17, 2020
       Philadelphia, Pennsylvania                    Darcy Lynn Scheyer

6

7                                                    Plaintiff, individually, and on behalf of a
                                                     Class of all others similarly situated

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

# Exhibit 1

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Darcy L. Scheyer<br>23 Denkers Drive<br>Ballston Lake, NY 12019 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2020-00319** | **Legal Unit** | **(267) 589-9707** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS –
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_Jamie R. Williamson_         November 8, 2019

**Jamie R. Williamson,**
**District Director**         (Date Mailed)

Enclosures(s)

cc:
    **Frank A. Roth, Esq.**
    **General Counsel**
    **LEHIGH UNIVERSITY**
    **27 Memorial Drive West**
    **Alumni Memorial Building Room 105**
    **Bethlehem, PA 18015**

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Darcy L. Scheyer**<br>**23 Denkers Drive**<br>**Ballston Lake, NY 12019** | From: **Philadelphia District Office**<br>**801 Market Street**<br>**Suite 1300**<br>**Philadelphia, PA 19107** |

☐  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2020-00402** | **Legal Unit** | **(267) 589-9707** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Jamie R. Williamson*                                                          November 8, 2019

**Jamie R. Williamson,**                                                     *(Date Mailed)*
**District Director**

Enclosures(s)

cc:   **Arpana G. Inman, PhD**
      **Clinic Director**
      **COMMUNITY VOICES CLINIC**
      **College of Education, Lehigh University**
      **Iacocca Hall, 111 Research Drive**
      **Bethlehem, PA 18015**

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:  **Darcy L. Scheyer**
     **23 Denkers Drive**
     **Ballston Lake, NY 12019**

From: **Philadelphia District Office**
      **801 Market Street**
      **Suite 1300**
      **Philadelphia, PA 19107**

[ ]    *On behalf of person(s) aggrieved whose identity is*
       *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2020-00396** | **Legal Unit** | **(267) 589-9707** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]    Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Jamie R. Williamson*
_____

**Jamie R. Williamson,**
**District Director**

November 8, 2019
_____
*(Date Mailed)*

Enclosures(s)

cc:    **John E. Freund III, Esq.**
       **KING, SPRY, HERMAN, FREUND & FAUL, LLC**
       **One West Broad Street, Suite 700**
       **Bethlehem, PA 18018**